IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

PAULA HUMPHRIES
on behalf of E.H.                                                                            PLAINTIFF

V.                                              NO. 10-5115

MICHAEL J. ASTRUE,
Commissioner of the Social Security Administration                      DEFENDANT

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, Paula Humphries, on behalf of E.H., appealed the Commissioner's denial of benefits to the Court. On December 1, 2011, a Judgment was entered remanding Plaintiff's case to the Commissioner, pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. 9). Plaintiff now moves for an award of $2,475.00 in attorney's fees, under 28 U.S.C. §2412, the Equal Access to Justice Act (hereinafter "EAJA"), requesting compensation for 16.5 attorney hours of work before the Court in 2010, 2011, and 2012, at an hourly rate of $150.00. (Doc. 11-3). Defendant has filed a response to Plaintiff's application, stating that he does not oppose Plaintiff's request for attorney fees at an hourly rate of $150.00, but does object to the total number of attorney hours for which Plaintiff seeks compensation. (Doc. 12).

Pursuant to 28 U.S.C. § 2412(d)(1)(A), the Court must award attorney's fees to a prevailing social security claimant unless the Commissioner's position in denying benefits was substantially justified. The burden is on the Commissioner to show substantial justification for the government's denial of benefits. Jackson v. Bowen, 807 F.2d 127, 128 (8th Cir. 1986). Under Shalala v. Schaefer, 509 U.S. 292, 302 (1993), a social security claimant who obtains a

AO72A
(Rev. 8/82)

sentence-four judgment reversing the Commissioner's denial of benefits and remanding the case for further proceedings is a prevailing party. After reviewing the file, the Court finds that Plaintiff is a prevailing party in this matter.

In determining a reasonable attorney's fee, the Court will in each case consider the following factors: time and labor required; the novelty and difficulty of questions involved; the skill required to handle the problems presented; the preclusion of employment by the attorney due to acceptance of the case; the customary fee; whether the fee is fixed or contingent; time limitations imposed by the client or the circumstances; the amount involved and the results obtained; the attorney's experience, reputation and ability; the "undesirability" of the case; the nature and length of the professional relationship with the client; and awards in similar cases. Hensley v. Eckerhart, 461 U.S. 424, 430 (1983).

However, the EAJA is not designed to reimburse without limit. Pierce v. Underwood, 487 U.S. 552, 573 (1988). The Court can determine the reasonableness and accuracy of a fee request, even in the absence of an objection by the Commissioner. Clements v. Astrue, 2009 WL 4508480 (W.D. Ark. Dec. 1, 2009); see also Decker v. Sullivan, 976 F.2d 456, 459 (8th Cir. 1992) ("Although the issue was not raised on appeal, fairness to the parties requires an accurately calculated attorney's fee award.").

The EAJA further requires an attorney seeking fees to submit "an itemized statement...stating the actual time expended and the rate at which fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B). Attorneys seeking fees under federal fee-shifting statutes such as the EAJA are required to present fee applications with "contemporaneous time records of hours worked and rates claimed, plus a detailed description of the subject matter of

the work." Id.  Where documentation is inadequate, the Court may reduce the award accordingly.  Hensley, 461 U.S. at 433 (1983).

Plaintiff's attorney requests an award under the EAJA for 16.5 hours of attorney work performed at an hourly rate of $150.00.  The party seeking attorney fees bears the burden of proving that the claimed fees are reasonable.  Id., 461 U.S. at 437.  Attorney's fees may not be awarded in excess of $125.00 per hour-the maximum statutory rate under § 2412(d)(2)(A) - unless the Court finds that an increase in the cost of living or a special factor such as the limited availability of qualified attorneys justifies a higher fee.  28 U.S.C. §2412(d)(2)(A).

The decision to increase the hourly rate is not automatic and remains at the discretion of the district court.  McNulty v. Sullivan, 886 F.2d 1074 (8th Cir. 1989).  In Johnson v. Sullivan, 919 F.2d 503 (8th Cir. 1990), the Court stated that the hourly rate may be increased when there is "uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than [the maximum statutory hourly rate]," such as a copy of the Consumer Price Index (CPI).  The Court may allow an increased hourly rate upon "proper proof," such as a copy of the Consumer Price Index.  Johnson v. Sullivan, 919 F.2d 503, 504 (8th Cir. 19990).  In this case, although Plaintiff's counsel failed to attach a copy of the CPI in support of his requested hourly rate, the Court notes that General Order No. 39 provides that the CPI - South index for December of the preceding year shall constitute the maximum hourly rate of EAJA fees which may be awarded for the following year.  Thus, based upon the above factors, the Court finds that an appropriate hourly rate for the attorney work performed in the years 2010, 2011, and 2012 is $150.00.

The Court will next address the number of hours Plaintiff's counsel has alleged he spent

in this matter.

Plaintiff's counsel seeks 1.2 hours for the following activities: "Paula called and rescheuled[sic] appt;" "Mailed letter and EAJA assignment to client;" "Mailed summons, complaint, and letter to accompany same to Commissioner, Atty General, etc.;" "Paula called to give us new address;" "Paula called. Wants to know where judgment is;" "Called clerk. Case just became ripe for decision on Nov 17;" and "Mailed client copy of Judgment." This time is clerical in nature and cannot be compensated under the EAJA. Granville House, Inc. v. Department of HEW, 813 F.2d 881, 884 (8th Cir.1987) (work which could have been completed by support staff is not compensable under the EAJA). The Court therefore recommends that 1.2 hours be deducted.

Plaintiff's counsel seeks 3.2 hours to: "Prepare Itemized Statement for EAJA Motion;" and "Prepare and file EAJA Motion, Brief, and Supporting Statement." The Court believes that the time claimed for preparing what appears to be the standard fee petition and brief submitted by Plaintiff's counsel in social security cases is excessive. The Court therefore recommends that 2.2 hours be deducted.

Based upon the foregoing, the Court recommends that Plaintiff 's counsel be awarded attorney's fees under the EAJA for: 13.1 hours (16.5 less 3.4) at an hourly rate of $150.00 for work performed in 2010, 2011, and 2012, for a total award of $1,965.00. This amount should be paid in addition to, and not out of, any past due benefits which Plaintiff may be awarded in the future.

In his response, Defendant asks the Court to designate Plaintiff as payee of the EAJA award, and not Plaintiff's counsel. Based upon the holding in Astrue v. Ratliff, 130 S.Ct. 2521

AO72A
(Rev. 8/82)

(2010), the EAJA award should be paid directly to Plaintiff.

The parties are reminded that the award herein under the EAJA will be taken into account at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406, in order to prevent double recovery by counsel for the Plaintiff.

**The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 23rd day of March, 2012.

                                          /s/ *Erin L. Setser*
                                  HONORABLE ERIN L. SETSER
                                  UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)